UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DIANE GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:19-cv-01637 |
| | ) |
| MENTOR WORLD WIDE LLC, | ) |
| ST. LOUIS COSMETIC SURGERY, INC., | ) |
| AMY HALEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 12); Defendant St. Louis Cosmetic Surgery, Inc's Motion to Dismiss Count II (ECF No. 10); and Defendant Mentor's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 17). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff filed the instant case in the Circuit Court of St. Louis County, State of Missouri on April 5, 2019. (Case No. 19SL-CC01441). Plaintiff is a resident of St. Louis County, and brings this case against Defendant Mentor World Wide LLC, St. Louis Cosmetic Surgery, Inc., and Amy Haley. (ECF No. 5).

In 1988, Plaintiff Graham had breast implants placed in a cosmetic procedure. (ECF No. 6, ¶3). In 2000, the Plaintiff decided to obtain a tummy tuck procedure at St. Louis Cosmetic Surgery, Inc. *Id.* ¶¶ 4-5 Plaintiff agreed to have the tummy tuck procedure and have her breasts enlarged with new implants during the same procedure. *Id.* ¶ 5. On or about November 30, 2000, the Plaintiff was surgically implanted with bilateral silicone filled Mentor Siltex Gel-Filled Mammary Prosthetic Breast Implants ("Mentor Implants"). *Id.* ¶ 6.

1

On December 5, 2017, Plaintiff had a bilateral breast ultrasound at the suggestion of her physician. *Id.* ¶ 10. The ultrasound impression described "[e]xtrascapular silicone in both breasts and axillae." *Id.* On December 13, 2017, Plaintiff had a bilateral breast MRI. *Id.* ¶ 11. The MRI report noted a diagnosis of "[s]ilicone leakage from the breast implant". *Id*. ¶11. Plaintiff was informed of the results of the MRI on February 5, 2018, and was told that she should consider a procedure to replace the Mentor Implants. *Id.* ¶ 12.

On September 8, 2018, Plaintiff was involved in a car accident and sustained injuries, including injury to the breast area. *Id.* ¶ 13. Plaintiff alleges that the car accident was the fault of Defendant Amy Haley. *Id.* On September 24, 2018, Plaintiff had a bilateral breast ultrasound and was again directed to have the Mentor Implants removed. *Id.* ¶14. On October 8, 2018, doctors evaluated Plaintiff's breast implant condition and determined that the Plaintiff had "bilateral extrascapular silicone implant rupture with axillary silicosis…axillary lymph nodes with silicone." *Id.* ¶ 15. The Mentor Implants were removed on November 27, 2018, in an implant exchange procedure. *Id* ¶ 17.

In Count I, Plaintiff alleges Strict Product Liability against Defendant Mentor World Wide, LLC ("Mentor") for defective Mentor Implants. In Count II, Plaintiff alleges Strict Product Liability against Defendant St. Louis Cosmetic Surgery, Inc. Plaintiff brings Count III for Negligence against Defendant Haley.

On June 5, 2019, Defendant Mentor filed Notice of Removal in this case. (ECF No. 1). Defendant Mentor asserts that this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 for diversity. *Id.* Defendant Mentor alleges that the amount in controversy exceeds $75,000.00 and that complete diversity exists in this case. *Id.* On June 11, 2019, the Plaintiff filed a Motion to Remand. (ECF No. 12). Plaintiff concedes that the amount in

controversy requirement is satisfied but challenges complete diversity in this case. *Id.* Defendant Mentor alleges that the Plaintiff has fraudulently joined Defendant St. Louis Cosmetic Inc., and Defendant Haley in this case and that the Court should therefore disregard their citizenship. (ECF No. 1).

Additionally, on June 6, 2019, Defendant St. Louis Cosmetic Surgery, Inc. filed a Motion to Dismiss Count II of Plaintiff's First Amended Petition challenging Plaintiff's strict product liability cause of action against it. (ECF No. 10). Defendant St. Louis Cosmetic Surgery, Inc. asserts that RSMo. §537.762 mandates the dismissal of a defendant whose alleged liability is based solely on its status as a seller if another defendant, including the manufacturer, is properly before the court and the plaintiff could recover in full from that other defendant. *Id*, citing RSMo. §537.762. Defendant St. Louis Cosmetic Surgery also asserts that Count II is time-barred because the Missouri statute of limitations for a products liability claim pursuant to RSMo. §516.120 is five years, and for a medical negligence claim is two years pursuant to RSMo. §516.105. *Id.*, citing RSMo. §§ 516.120, 516.105.

On June 12, 2019, Defendant Mentor World Wide filed a 12(b)(6) Motion to Dismiss Plaintiff's Amended Petition for Failure to State a Claim. (ECF No. 17). Defendant Mentor asserts that Plaintiff's claims are preempted pursuant to the Medical Device Amendments ("MDA") to the Federal Food, Drug, and Cosmetic Act ("FDCA"). *Id.*

## DISCUSSION

**I.      Defendant Mentor's Notice of Removal and Plaintiff's Motion for Remand**

Under 28 U.S.C. § 1441(a), a defendant may remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil

actions where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and involves a controversy between citizens of different states. Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Byrd v. TVI, Inc.*, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

### a. Fraudulent Joinder of Defendant St. Louis Cosmetic Surgery, Inc.

In the instant case, Plaintiff and Defendants St. Louis Cosmetic Surgery, Inc. and Amy Haley are citizens of the State of Missouri. Complete diversity of citizenship therefore does not exist, and removal is precluded unless Defendants St. Louis Cosmetic Surgery, Inc., and Amy Haley were fraudulently joined. *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)(internal quotations and citation omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.") "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (citation omitted).

Joinder of a defendant is fraudulent where there exists "no reasonable basis in law or fact" to support a claim asserted against it. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015). The

4

question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 132 S.Ct. 94 (2011). If not, the joinder is fraudulent, and dismissal of the defendant is proper. *Id.*; *see also Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotations and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendant, as the removing party alleging fraudulent joinder, bears the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3 (citing *Orrick v. Smithkline Beecham Corp.*, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014); *Manning v. Wal–Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)).

For Plaintiff to survive Defendant Mentor's fraudulent joinder challenge, there must be "a reasonable basis for believing Missouri might impose liability against" Defendant St. Louis Cosmetic Surgery, Inc. for Strict Products Liability. To state a claim for strict products liability, the Plaintiff must allege that "(1) the defendant sold a product in the course of its business; (2) the product was then in a defective condition; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of such condition as existed when the product was sold." *Kampleman v. Codman &Shurteef, Inc.* 2009 WL 2382775 at *3 (E.D.Mo Jul. 31, 2009)(citing *Haffey v. Gereac Portable Products, L.L.C.*, 171 S.W.3d 805, 809 (Mo. App. 2005)(quoting *Lay v. P & G Health Care, Inc.*, 37 S.W.3d 310, 325 (Mo. App. 2000).

Defendant Mentor argues in its response to Plaintiff's Motion to Remand that the Plaintiff has ignored Missouri law barring her strict liability claim against Defendant St. Louis

Cosmetic Surgery. (ECF No. 23). Defendant Mentor asserts that Plaintiff's claim against Defendant St. Louis Cosmetic Surgery is without basis because the Missouri Supreme Court has held that product liability claims against health care providers are not viable in Missouri. *Id.* Although Plaintiff asserts that this Court should not evaluate the sufficiency of their Complaint on remand, the standard of review under fraudulent joinder analysis requires the Court to do so. (ECF No. 12); *and see, Block v. Toyota Corp.*, 665 F.3d 944, 950-51 (8th Cir. 2011)(affirming finding of fraudulent joinder when the Plaintiff could not prevail on their state law strict liability claim).

In *Kampleman v. Codman & Shurteef, Inc.*, 2009 WL 2382775 (E.D. Mo. Jul. 31, 2009), this Court carefully analyzed the applicability of strict products liability claims brought under Missouri law against health care providers on a Motion to Dismiss. While the standards are not identical between a Motion to Dismiss and the inquiry the Court must make under fraudulent joinder analysis, *Kampleman* provides clear analysis of Missouri case law and statutes regarding the viability of a Plaintiff's strict liability claim against a health care provider. The Court has stated as follows:

> [S]trict liability is not applicable to health care providers [as evidenced by] sec. 538.300 [RSMo.]. That section provides that the provisions of sec. 537.760 to sec. 537.765, relating to products liability actions, are not applicable to actions against health care providers. Section 537.760 codifies sec. 402A of the Restatement (Second) of Torts. The exception of health care providers from the provisions codifying strict products liability is yet another clear indication that the general assembly intended to abrogate such liability for health care providers. Just as enactment of sec. 537.760 codified strict products liability, the exception provided for in sec. 538.300 was intended to eliminate such statutory liability for health care providers.

*Kampleman v. Codman & Shurteef, Inc.*, 2009 WL 2382775, at *3 (E.D. Mo. Jul. 31, 2009)(internal citations omitted). Plaintiffs claim against Defendant St. Louis Cosmetic Surgery Inc. as a health care provider is not viable under Missouri state law.

The present case addresses the instance in which a healthcare provider occupies the dual role as care provider and salesman.[1] The court in *Kampleman* similarly evaluated a claim in which a health care provider allegedly sold a defective product and the Plaintiff sought to state a strict product liability claim against the health care provider and the alleged manufacturers of the device. *Id.* at *5. "Section 537.762 provides that the Court 'shall dismiss without prejudice the claim' against the seller defendant if the requirements of subsections two and three are met and if no party asserts evidence rendering the seller liable on some basis other than its status as a seller in the stream of commerce." *Id.* (citing § 537.762.5 RSMo.). Section 537.762.2 states that the "section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." §537.762.2. Plaintiff has brought a claim against the alleged manufacturer. Plaintiff, therefore, has not stated any colorable claim for strict liability against Defendant St. Louis Cosmetic Surgery Inc., and therefore the Defendant has been fraudulently joined. The Court will dismiss Count II against Defendant St. Louis Cosmetic Surgery, Inc.

b. **Fraudulent Misjoinder of Defendant Haley**

Defendant Mentor alleges in its Notice of Removal that Plaintiff's claims against Defendant Haley has been fraudulently *misjoined*. (ECF No. 1, at 9). Fraudulent misjoinder differs from fraudulent joinder. "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or resident defendant, even through the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Products Liability Litigation,* 591 F.3d 613,620 (8th Cir. 2010)(citations omitted).

---

[1] Plaintiff attaches the receipt for the sale of the Mentor Implants to her First Amended Petition. (ECF No. 6).

In *Prempro* the Eighth Circuit neither "adopt[ed] [n]or reject[ed] the fraudulent misjoinder doctrine". *Lafoy v. Volkswagen Group of America, Inc.*, 2016 WL 2733161 at * 3 (E.D. Mo. May. 11, 2016) Rather, the Eighth Circuit looked to the joinder standards set forth in Rule 20 of the Federal Rules of Civil Procedure to evaluate whether the claim was "egregiously joined" and found that the claims of unrelated plaintiffs were "logically related" within the meaning of Rule 20 and that the alleged misjoinder was "not so egregious as to constitute fraudulent misjoinder" and was "likely to contain common questions of law and fact." *Lafoy,* 2016 WL 2733161 at * 3 (E.D. Mo. May. 11, 2016); *Prempro,* 591, F.3d at 622-23.

Rule 20(a)(2) addresses the permissive joinder of defendants and states that:

> "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly severally, or in the alternative with respect to or arising *out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(emphasis added). The Eighth Circuit interprets "transactions" broadly. *Prempro*, 591 F.3d at 622.

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding…

*Id.* citing *Mosely v. General Motors Corp.,* 497 F.2d 1120, 1222 (8th Cir. 1974). Therefore, under Rule 20 it essential that Plaintiff's claims have a logical relationship to one another to avoid the impermissible joinder.

Defendant Mentor argues that Plaintiff's claims against Defendant Haley are procedurally inappropriate, that they do not only constitute misjoinder but also do not meet the standards of Rule 20. (ECF No. 1, at 11). Plaintiff raises two causes of action. Plaintiff alleges negligence

8

against Defendant Haley for a car accident and Plaintiff alleges product liability for manufacture and design of breast implants that were implanted into the Plaintiff eighteen years prior to the accident. *Id.*, at 12. The relationship between Plaintiff's claims is attenuated and pertains, at best, to injuries to the same area of the Plaintiff's body. Plaintiff argues that Defendant Haley is properly joined in this case and cites to Missouri State Supreme Court En Banc, *State ex rel. Nixon v. Dally*, 248 S.W. 3d 615,617 (Mo. Banc 2008), in support of the joinder of claims in which the injury incurred in one accident was aggravated in another. The Plaintiff however, has not alleged that the September 8, 2018, accident exacerbated or aggravated the state of her implants.

Plaintiffs own allegations undermine the relatedness of the claims. Plaintiff alleges that she was told by a medical professional on February 5, 2018, about the silicone leakage and need for removal, seven months prior to the car accident. (ECF No. 6, at ¶ 12). Plaintiff further alleges different injuries as a result of each cause of action. In Plaintiff's products liability claim against Defendant Mentor the Plaintiff alleges that she suffered from:

> [b]reast [i]mplant [i]llness; bilateral breast implant ruptures and the leaking silicone and other toxic chemical and materials into and around her breasts and chest wall and the internal organs and inflammation of the tissues adjacent thereto and nearby or inside of her body; plaintiff ahs silicone in her lymph nodes and the surrounding tissues and body organs; plaintiff is at an increased risk of incurring lymphoma and cancer in the future…immune system diseases and related medical illnesses… connective tissue diseases in the future; shorter lifespan or life expectancy…autoimmune reactions; plaintiff has incurred having breast implant replacements…

(ECF No. 6, at ¶ 29). As a result of the negligence action against Defendant Haley the Plaintiff alleges that she suffered from: "pain and bruising and swelling of her breast and chest areas of the body…pain and tightness and loss of range of motion to her left shoulder neck and back areas…" *Id.* at ¶ 68. Plaintiff does not allege common injuries between the two causes of action. While one car accident exacerbating the injury from another is logically related, the Court cannot

9

say the same is true in the instant case. Even though the Eighth Circuit has taken an expansive approach to interpreting the logical relationship between the claims raised by a plaintiff, the decision in *Prempro* left room for courts to find unrelated claims improperly joined as they have been here. Because the Court is unable to find a logical connection between the causes of action brought by the Plaintiff, joinder inappropriate in this case.

Rule 21 sets out the procedural remedies available to the Court on misjoinder or nonjoinder of the parties in a case. "Rule 21 provides that "[a] court may at any time, on just terms add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Regarding the severance of a non-diverse party, courts "'should carefully consider whether the dismissal of a non-diverse party will prejudice any of the parties in the litigation,' and should only do so 'sparingly.'" *Crocker v. Allergan*, 2018 WL 7634923 at *6 (E.D. Mo. Dec. 7, 2018)(citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837-38 (1989)). In the present case, Defendant has met its burden to persuade the Court that Plaintiff's claim against Defendant Haley is not logically related to Plaintiff's products liability claim and has been improperly joined. The Court will therefore, sever Plaintiff's claim against Defendant Haley and remand it to the Circuit Court for St. Louis County.

II. **Defendant Mentor's Motion to Dismiss Plaintiff's Amended Petition**

Defendant Mentor has filed a Motion to Dismiss Plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 17). Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47

(1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the plaintiff has "plead[ ] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In support of its motion, Defendant Mentor argues that federal law bars Plaintiff's claim for strict product liability. (ECF No. 18). Specifically, Defendant Mentor argues that the Medical Device Amendments ("MDA") to the Federal Food, Drug, and Cosmetic Act ("FDCA") of 1976, 21 U.S.C. §§ 301 *et seq,* gives exclusive regulatory authority over medical devices because it contains an express preemption provision. (ECF No. 18, at 9). Additionally, Defendant Mentor argues that in accordance with *Reigel v. Medtronic, Inc.*, 552 U.S. 312 (2008), the court must find preemption in this case.

*Reigel* held that litigation involving Premarket Approval ("PMA") Devices is preempted if the FDA has established requirements specific to the Mentor Implants and the state law claim by Plaintiff would impose a requirement "'relat[ing] to the safety or effectiveness of the device' that is 'different from, or in addition to' the federal requirement" (ECF No. 18, at 9)(citing, *Reigel,* 552 U.S. at 322-25). Defendant argues that this Court should apply the MDA's preemptive effect to Investigational Device Exemptions ("IDE")[2], as courts in other circuits have done.[3]

---

[2] The Mentor Implants held IDE status in 2000 when they were implanted into the Plaintiff. (ECF No. 18, 3-4)("In August of 2000, the FDA approved Mentor's IDE study for its silicone gel-filled breast implants for a limited number of augmentation, reconstruction, and revision patients.").

[3] In support thereof Defendant Mentor cites to the following cases concluding that the MDA's express preemption provision applies equally to IDE and investigational devices because they are subject to oversight and control that is equivalent to PMA devices. (ECF No. 18, at 10)(citing *Burgos v. Satiety, Inc .,* No. 10-cv-2680 JG, 2010 WL W 4907764, at *2 (E.D.N.Y. Nov. 30, 2010);*Parks v. Howmedica Osteonics Corp*., No. 8:15-cv-0075-MSS-MAP, 2016 WL 7220707, at *8 (M.D. Fla. Mar. 11, 2016); *Dorsey v. Allergan*, *Inc.*, No. 3:08-0731, 2009 WL 703290 (M.D. Tenn. Mar. 11, 2009); *Mize v. Mentor Worldwide, LLC*, No. BC649083, 2018 WL 5085716, at *2 (Cal. Sup.

In Response, Plaintiff first argues that this Court does not have subject matter jurisdiction to rule on Defendant Mentor's substantive motion and restates its argument in its Motion to Remand. (ECF No. 24). The Court has determined that federal subject matter jurisdiction over Count I of Plaintiffs claim is appropriate. *See supra.* Plaintiff then argues that Defendant Mentor has raised facts well beyond the pleadings and the Motion should therefore be converted into a Motion for Summary Judgement. *Id.* at 8. Plaintiff asserts that Defendant's argument in its Motion to Dismiss is that the Plaintiff received the Mentor Implants as part of a clinical trial approved by the FDA. Plaintiff, however, states that she was "not being carefully controlled in any clinical trials for breast implants". (ECF No. 24, at 7). Defendant Mentor asserts that on June 11, 2019, Counsel for the Defendant sent documents demonstrating that Plaintiff was in a clinical trial. (ECF No. 26, n.1). This raises an issue of fact before the Court. Moreover, these documents, referenced by the Defendant, have not been made available for the Court to review. Rather, the Defendant provides documentation from the FDA pertaining to the PMA status of the Mentor Implants. (ECF Nos. 18-1, 18-2).

"Rule 12(b)(6) motions are not automatically converted into motions for summary judgement simply because one party submits additional matters in support of or in opposition to the motion." *State ex rel. Nixon v. Coeur D'Alene* Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999). A court "may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Courts may consider items subject to judicial notice without converting a motion to dismiss into a motion for summary judgement. *See, Miller v. Redwood*

---

Ct. Oct. 2, 2018)("*Mize II*")); *and see,* ECF No. 18, n.5 (citing,*Chmielewski v. Stryker Sales Corp.*, 966 F. Supp 839, 843-44 (D. Minn. 1977); *Blinn v. Smith Nephew Richards Inc.*, 55 F.Supp 2d 1353, 1359 (M.D. Fla. 1999); *Dunlap v. Medtronic, Inc.*, 47 F.Supp 2d 888, 897 (N.D. Ohio 1999); *Slater c. Optical Radiation Corp.*, 961 F.2d 1330 (7th Cir. 1997); *accord Dawson v. Howmedica, Inc.*, 886 F.Supp.1402, 1407 (E.D. Tenn. 1995)). However, none of these cases are binding on this Court.

*Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012). This is not the case here. The documents pertaining to the alleged factual dispute raised by the Plaintiff regarding her participation in a clinical trial have not been attached. Furthermore, Defendant Mentor has not provided the Court with documentation regarding the IDE status of the Mentor Implants in 2000. The Court finds that the issues raised are more appropriately addressed in a motion for summary judgement and will therefore deny Defendant Mentor's Motion to Dismiss.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 12) is **GRANTED in part** and **DENIED in part**; that Plaintiff's Count III for Negligence against Defendant Hale is hereby severed and **REMANDED** to the Circuit Court for St. Louis County, **an Order of Remand will be issued to accompany this Order**.

**IT IS FURTHER ORDERED** that Plaintiff's Count II for Strict Products Liability against Defendant St. Louis Cosmetic Surgery, Inc., is hereby **DISMISSED**; and that Defendant's Motion to Dismiss Plaintiff's First Amended Petition by Defendant St. Louis Cosmetic Surgery, Inc., (ECF No. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Mentor World Wide LLC's Rule 12(b)(6) Motion to Dismiss Plaintiffs Amended Petition is **DENIED**.

Dated this 19th day of July, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE