## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DIANE GRAHAM | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 4:19-CV-01637 JCH |
| | ) |
| MENTOR WORLD WIDE LLC | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss. (ECF No. 32). The Motion is fully briefed and ready for disposition.

## **DISCUSSION**

On April 5, 2019, Plaintiff filed a Petition in the Circuit Court of St. Louis County, Missouri. Plaintiff filed an Amended Petition on April 22, 2019. In her Amended Petition, Plaintiff asserted a strict liability claim against Defendant Mentor World Wide LLC as manufacturer of her breast implants; a strict product liability claim against Defendant St. Louis Cosmetic Surgery, Inc., the clinic where the implants were placed; and a negligence claim against Defendant Haley, the driver of a vehicle which rear-ended the Plaintiff.

On June 5, 2019, Defendants Removed the case from state court. (ECF No. 1). On June 6, 2019, Defendant St. Louis Cosmetic Surgery, Inc filed a Motion to Dismiss Count II of Plaintiff's Complaint. (ECF No. 10). On June 11, 2019, the Plaintiff brought a Motion to Remand. (ECF No. 12). On June 12, Defendant Mentor World Wide LLC also filed a Motion to Dismiss the case in its entirety. (ECF No. 17). The Court took up all the motions together and on July 19, 2019, the Court held that Count III of Plaintiff's Complaint for negligence against

1

Defendant Haley ought to be severed and remanded to state court. (ECF Nos. 28, 29). Additionally, Plaintiff's claim under Count II for Strict Products Liability against Defendant St. Louis Cosmetic Surgery, Inc. was dismissed as not being cognizable under Missouri Law. (ECF No. 28). Count I for Products Liability remains against Defendant Mentor World Wide LLC. On its Motion to Dismiss, Defendant raised a preemption issue that the Court determined would be more appropriate for summary judgement.

On August 2, 2019, Defendant Mentor World Wide LLC filed an answer in this case. (ECF No. 30). On September 20, 2019 Plaintiff filed a Motion to Dismiss Without Prejudice. (ECF No. 32). The Defendant opposes this motion. Defendant argues that Plaintiff has not satisfied the standards for voluntary dismissal in accordance with Fed. R. Civ. P. 41(a)(2) and therefore should not be permitted to dismiss without prejudice, or in the alternative should pay attorney fees if the Court dismisses Plaintiff's case. (ECF No. 35).

Federal Rule of Civil Procedure 41 allows the Plaintiff to dismiss after the Defendant has filed an answer only by a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is intended "to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780,782 (8th Cir. 1987). In ruling on the Plaintiff's motion, the Court should consider whether the Plaintiff has presented a proper explanation for its desires to dismiss, whether a dismissal will result in waste of judicial time and effort, and whether a dismissal will prejudice the defendant. *Mulen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014).

Plaintiff in her Motion to Dismiss has failed to give a reason for wanting to dismiss this case without prejudice. Defendant raises concerns about Plaintiff's intent to refile in state court or to escape an adverse decision. (ECF No. 35, 3–4). Dismissal for the purpose of finding a more favorable forum or to escape an undesirable outcome is inappropriate. *See, Hamm v. Rhone-Poulenc Rorer Farms., Inc.* 187 F.3d 941, 950 (8th Cir. 1999)(holding that a party is not permitted to dismiss to escape an adverse decision); *see also*, *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)("a party may not dismiss merely to escape an adverse decision or to seek a more favorable forum."); *and see, Blaes v. Johnson & Johnson*, 858 F.3d 508, 513 (8th Cir. 2017)("A Plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum."). Plaintiff further fails to reply to Defendant's allegations. *See, Walton v. Wal-Mart Stores, Inc.*, No. 4:09CV4 HEA, 2010 WL 1706047, at *1 (E.D. Mo. Apr. 28, 2010)(noting that "[i]n the absence of any explanation as to the need for taking a dismissal, it appears likely that Plaintiff seeks to dismiss the case in order to avoid an adverse decision or to seek a more favorable forum."). Upon weighing the relevant factors in this case – Plaintiff's lack of proffered reasons for dismissal at this juncture, and Defendant's concerns regarding prejudice – the Court will dismiss Plaintiffs case with prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Case is hereby **DISMISSED WITH PREJUDICE,** a judgement will accompany this Order.

Dated this 8th day of October, 2019.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT COURT